UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAY FRANK SIMPSON, JR. | CIVIL ACTION |
| VERSUS | NO. 14-1040 |
| MICHAEL D. CLEMENT | SECTION "A" (2) |

## REPORT AND RECOMMENDATION

At the time of filing this complaint on a form provided to prisoners, plaintiff Ray Frank Simpson, Jr., had recently been released from incarceration in the Plaquemines Parish Detention Center. Record Doc. No. 1 (Application to Proceed In Forma Pauperis at p. 1). He was granted in forma pauperis status and filed this complaint pro se pursuant to 42 U.S.C. § 1983 against Michael D. Clement, Judge of Division "B" of the state trial court in Plaquemines Parish. Record Doc. No. 3 (Complaint at pp. 1 and 4, ¶ III(B)).

In Paragraph IV, the "Statement of Claim" portion of plaintiff's original form complaint, he alleged only the following: "Please bare (sic) with me & I will sit down and write every acus[s]ation down, from beginning to end! Thank you!" Record Doc. No. 3 at p. 4. In the relief portion of his complaint, Simpson stated only: "Whatever we can do." Id. (Complaint at ¶ V).

Because this complaint failed on its face to state any kind of claim, plaintiff was ordered to submit a written statement of facts that the court would consider an amendment of his complaint. Record Doc. No. 4. Simpson filed a timely response to the court's order. Record Doc. No. 5.

Simpson's supplemental submission appears to relate to a period of incarceration in the Orleans Parish Prison beginning on November 12, 2012, and lasting about seven months. As to his "claim" against Judge Clement, Record Doc. No. 5 at p. 3, Simpson states only that "Judge . . . Clement put a hold on me on the date 11/2012 for whatever reason. 'I don't know' . . . for the charge telephone harassment two counts." The remainder of his statement of facts relates to one visit to the doctor during his first seven days in jail and a separate incident about two months later when a prison "guard came in the dorm. No explanation. Calls me out and tells me 'zero.' Orders me to go with him." Id.

## ANALYSIS

I.   STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners and by others proceeding in forma pauperis must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted or seek monetary relief from a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

In this case, plaintiff's Section 1983 complaint must be dismissed either as legally frivolous, for failure to state a claim or because it seeks relief from a defendant who is immune.

II. JUDICIAL IMMUNITY

Plaintiff's written submissions are entirely unclear concerning the relief he seeks against Judge Clement. In any event, his claims against Plaquemines Parish Judge

Case 2:14-cv-01040-JCZ   Document 6   Filed 07/15/14   Page 4 of 7

Clement are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted

unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a state judge in his official capacity. Guerin v. Higgins, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, neither injunctive relief nor damages are available in this Section 1983 action against this defendant. Tesmer v. Granholm, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F. Supp. 2d at 210.

Furthermore, to whatever extent, if any, that Simpson seeks an order of this court directing the judge to take action concerning plaintiff's state criminal charges, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), aff'd, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. Louisiana S. Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3,

2001) (Duval, J.).  This court is without authority to order officials of the state court having jurisdiction over criminal charges against plaintiff to treat him in any particular way or to otherwise interfere with the orders of its judges.

Simpson's claims against Judge Clement appear to concern the judge's issuance of a warrant, detainer or other "hold" order against Simpson relating to telephone harassment charges.  These are actions within the scope of defendant's role as a judicial officer and therefore within his jurisdiction. Consequently, the doctrine of absolute judicial immunity bars Simpson's suit against Judge Clement.  Thus, the complaint must be dismissed because this defendant is immune. 28 U.S.C. §§ 1915(e)(2)(iii) and 1915A(b)(2).

### III.    NO SECTION 1983 CLAIMS ALLEGED

Even if read broadly, Simpson's complaint, as supplemented by his subsequent statement of written facts, fails to state any violation whatsoever of his constitutional rights that might be cognizable under Section 1983.  Simpson's original complaint said virtually nothing.  Even after he was given an opportunity to amend and/or expand upon his complaint in an effort to state a claim, he failed to allege anything that could reasonably be construed as a constitutional violation committed by Judge Clement. Under these circumstances, even beyond the immunity granted by the law in favor of Judge Clement, it must be concluded that Simpson's complaint is legally frivolous and/or fails to state a claim upon which relief might be granted.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim or on judicial immunity grounds under 28 U.S.C. § 1915(e)(2).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ___15th___ day of July, 2014.

                                          JOSEPH C. WILKINSON, JR.
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.